UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN SHAW** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **ASSET ACCEPTANCE, LLC** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Kathleen Shaw, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Kathleen Shaw, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as Invasion of Privacy by Intrusion into Private Affairs.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III. PARTIES

4. Plaintiff, Kathleen Shaw, (hereafter, Plaintiff) is an adult natural person residing at 5906 Cherrywood Terrace, #203, Greenbelt, Maryland 20770. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Asset Acceptance, LLC (hereafter, Defendant), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within but not limited to the State of Maryland and the Commonwealth of Pennsylvania with a principal place of business located at 781 Far Hills Drive, Ste. 100, New Freedom, PA 17379.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In September, 2013, Plaintiff was declined for a Graduate Plus Loan due to an alleged delinquent account on her credit.

8. According to the Plaintiff's lender, the Plaintiff was informed that the delinquent account was being reported by the Defendant.

9. The alleged debt referenced above was for $1,104.33.

10. Unaware of the account said to be owed, the Plaintiff contacted the Defendant to try and settle this account immediately in hopes of being reconsidered for this loan.

11. On or about September 16, 2013, the Plaintiff contacted the Defendant and spoke with agent "Lori Turner".

12. The Plaintiff informed "Lori Turner", that she needed to know whom she owed $1,104.33 to and that she wanted to settle that specific account as soon as possible.

13. "Lori Turner", informed the Plaintiff that the debt was owed to "Bally's Health Club".

14. At that time, the Plaintiff offered the Defendant $300.00 to settle the account.

15. Defendant's agent, "Lori Turner", declined the Plaintiff's offer and stated that they could not accept anything less than $799.00 to settle the account.

16. The Plaintiff counter offered with $750.00.

17. Defendant accepted the offer of $750.00 to settle the alleged "Bally's" account.

18. Plaintiff requested written confirmation of the settlement offer prior to making the payment.

19. Defendant's agent hesitated and then informed the Plaintiff that she didn't think that the Defendant could send her anything in writing unless she could confirm the date that she was going to make the payment.

20. Plaintiff agreed to make the payment the following week and ended the call.

21. However, by the following week, the Plaintiff still had not received the settlement agreement in writing that the Defendant promised to send.

22. On or about September 30, 2013, the Plaintiff again contacted the Defendant and spoke with an agent by the name of "Nicky", to see if the agreed upon settlement would still be honored.

23. "Nicky" informed the Plaintiff that the settlement was still acceptable.

24. Plaintiff made the payment of $750.00 to the Defendant that same day and requested that the Defendant send a confirmation letter via fax to loan services stating that the Plaintiff had settled the outstanding "Bally's" account and now had a zero (0) balance.

25. The Defendant followed through with this request.

26. A short time later, the Plaintiff received a call from loan services informing her that they had received the confirmation about her zero (0) balance on her "Bally's" account, however, this was not the outstanding account that their records showed.

27. Loan services informed the Plaintiff that the outstanding account on her credit in the amount of $1,104.33 was owed to "Direct Energy", not to "Bally's".

28. Plaintiff was confused and could not understand why the Defendant would tell her the wrong account when she specified the amount of the debt that she was in need of settling.

29. Plaintiff immediately contacted the Defendant to discuss the error in the accounts, but was informed that they could not go back and change the settlement that was already made with "Bally's".

30. During this call, the Plaintiff also discovered that the original balance that had been due to "Bally's" was in excess of $4,000.00, not the $1,104.33 as the Plaintiff had inquired about.

31. Defendant appears to have deliberately deceived the Plaintiff in an effort to settle the larger account due.

32. Due to the Defendant's misleading conduct, the Plaintiff was still ineligible to qualify for a Graduate Plus Loan.

33. The Defendant stated at that time that all they could offer the Plaintiff was the opportunity to settle the "Direct Energy" account for $500.00.

34. In a continued effort to become eligible for her school loan, the Plaintiff had no choice but to make the $500.00 payment to the Defendant on or about October 7, 2013.

35. The Defendant failed to send settlement confirmation in writing for the debt paid to "Bally's".

36. The Defendant failed to send settlement confirmation in writing on the "Direct Energy" account.

37. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA but neglected to do so and failed to adequately review those actions to insure compliance was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

38. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

39. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

40. The above paragraphs are hereby incorporated herein by reference.

41. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

42. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692h: | | Collector must apply payments on multiple debts in the order specified by the consumer (i.e. consumer, specified that she wanted to settle the debt with the amount due of $1,104.33) |
| §§ 1692f(5): | | Caused any charges to be made to the consumer |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.      The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

45.      Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Maryland state law.

46.      The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

47.      The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48.      As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

49.      All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages

    b.    Statutory damages

    c.    An award of reasonable attorney's fees and expenses and cost of suit; and

    d.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: October 31, 2013**    **BY:** */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060
610-489-1997 fax
bvullings@vullingslaw.com
Attorney for the Plaintiff